Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1239 | **DATE** | 3/24/2011 |
| **CASE TITLE** | Duane Edwards (#K-60859) vs. Daniel L. Schmidt, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The plaintiff's motion for appointment of counsel [#3] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Dixon Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

O [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 18 U.S.C. § 242, the criminal analog to the Civil Rights Act, 42 U.S.C. § 1983. The plaintiff claims that the defendants, judges, prosecutors, and defense attorneys, committed a criminal violation of the plaintiff's constitutional rights during the course of appeals and collateral proceedings elating to the plaintiff's 2000 state criminal conviction for criminal sexual assault. The plaintiff seeks "a writ of habeas corpus for immediate release" as well as monetary damages. (Complaint, p. 6.)

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $23.03 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law.

Even assuming (without finding) that the defendants violated criminal statutes, there is no private right to bring criminal actions under 28 U.S.C. § 242. *See, e.g., Kuhne v. State*, 1997 WL 452312, *1 (unpublished, 7th Cir. Aug. 6, 1997) (such an argument is "emphatically not correct"); *see also McDowell v. Eden*, No. 10 C 7723, 2011 WL 196937, *1 (N.D. Ill. Jan. 20, 2011) ("It is, however, well settled that [18 U.S.C. §§ 241-242] are criminal statutes which cannot be prosecuted by private citizens, as opposed to federal prosecutors acting on behalf of the United States of America"), *citing Jones v. GES Exposition Serv., Inc.*, No. 02 C 6243, 2004 WL 2011396, *7 n. 5 (N.D. Ill. Sep. 7, 2004) (Filip, J.) (no private right of action under 18 U.S.C. §§ 241-242).

The plaintiff has no cause of action, in the alternative, under 42 U.S.C. § 1983. The Supreme Court has repeatedly held that a judge may not be held to answer in civil damages for acts committed in the exercise of his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57; *see also Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course her claims against the judges are barred; . . . they have absolute immunity from such damages claims") (citations omitted).

Likewise, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). The doctrine of prosecutorial immunity extends to the Attorney General when acting in a prosecutorial capacity. *See, e.g., Burns v. Reed*, 500 U.S. 478, 496 (1991); *Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668, 672 (7th Cir. 1985); *Watson v. Bush*, No. 09 C 1871, 2010 WL 1582228, *6 (N.D. Ill. Apr. 20, 2010 (Dow, J.). In defending the plaintiff's criminal conviction, the Attorney General was essentially acting as a state prosecutor.

Finally, defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983); *Chapman v. Burton Berger & Associates, Ltd.*, 159 B.R. 812, 8 (N.D. Ill. 1993). "Public defenders do not generally act under 'color of law.'" *Logan v. Laterzo*, 24 Fed. Appx. 579, 582 (7th Cir. 2001).
**(CONTINUED)**

| STATEMENT (continued) |
|---|

In addition, the plaintiff has previously been specifically advised that he may not collaterally attack his criminal conviction by way of a civil rights action. *See Edwards v. City of Joliet*, Case No. 04 C 4260 (N.D. Ill.), Minute Order of June 30, 2004 (Pallmeyer, J.). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. A finding that the players in the plaintiff's criminal prosecution, appeals, and collateral proceedings have all conspired to wrongfully uphold the conviction would necessarily call into question the validity of that underlying conviction.

The court notes that the plaintiff has already sought federal review of his conviction by filing a petition for a writ of habeas corpus. *See United States ex rel. Edwards v. Ryker*, Case No. 06 C 4271 (N.D. Ill.). Judge Bucklo of this court denied the petition on its merits, *see* Memorandum Opinion and Order of April 25, 2007, and the U.S. Court of Appeals for the Seventh Circuit declined the plaintiff's request for a certificate of appealability on February 28, 2008. Consequently, if the plaintiff seeks to file a second or successive habeas corpus petition, he must first obtain leave to do so from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). The plaintiff may not make an end run around rules restricting successive habeas actions simply by recasting his claims under the guise of a criminal or civil rights action.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."